IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PENNY K. YOHE,

        Plaintiff,

     v.                                                    Civil Action No. 5:09-CV-75

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## REPORT AND RECOMMENDATION PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED

On July 7, 2009, Penny Yohe, ["Plaintiff"], filed a complaint under 42 U.S.C. §§ 405(g) and an Application to Proceed Without Prepayment of Fees.[1] Based on the information provided in Plaintiff's application, the Court finds Plaintiff can afford the filing fee.

Plaintiff's application reveals she earns $365 per month working as a caregiver for WV's Choice. She also receives a $770 VA disability check each month. She receives food stamps in the amount of $14 per month for a total monthly income of $1,149. Plaintiff reports income from another adult with whom she resides, but this individual is not providing her with any support. Plaintiff reports no other income from any source. Plaintiff has a BB&T checking account containing approximately $800 or less. Plaintiff claims to have $200 or less each month after expenses. Plaintiff owns a 2005 Toyota Corolla worth between $8,225 and $11,875.

Plaintiff's application reveals that her monthly expenses total $551. This includes $150

---

[1] Doc. Nos. 1 & 2.

1

for home maintenance, $200 for food, $20 for clothing, $40 for transportation, $75 for recreation, $8 for life insurance, $34 for car insurance, $12 for personal property taxes and between $12 and $100 on a credit card.

Plaintiff is not absolutely destitute, however, such a finding is not required in order to proceed IFP. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339, 69 S.Ct. 85, 89 (1948). Adkins holds that an "affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs...and still be able to provide' himself and dependents 'with the necessities of life.'" Id.[2]

When determining IFP status, the Court considers "any support that an IFP applicant might receive from a spouse, or *from any other individual*." Ginters v. Frazier, 2008 WL 314701 at 2 (D. Minn., February 4, 2008)[3] (*emphasis added*). See, e.g., Lee v. Wal-Mart Stores, Inc., 1993 WL 316756 at 3 (N.D. Ind., 1993)[4] (the income and assets of close family members are relevant to a determination of indigency); Assaad-Faltas v. University of South Carolina, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997) (it is proper to consider whether the party claiming indigent status receives financial support from her family); Fridman v. City of New York, 195 F. Supp.2d 534, 537 (S.D.N.Y. 2002) (courts consider "the resources that the applicant has or 'can get' from

---

[2] The Supreme Court has elaborated on this standard in Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 203, 113 S. Ct. 716, 722, 121 L. Ed.2d 656 (1993) (citation omitted), stating: "Poverty, in its primary sense, is a human condition, to be '[w]anting in material riches or goods; lacking in the comforts of life; needy.'"

[3] This Court recognizes that the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. I recognize the reasons for that position and acknowledge it. Unfortunately, there is not a better indicator of what its decision might be in this regard.

[4] See FN 4.

those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'") (quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978).

Here, plaintiff is not destitute. Plaintiff does not own a home, but she does own a car. Plaintiff has a paying job and has held this job since March, 2008. Furthermore, her monthly income exceeds her monthly expenses by $598. The Court finds that Plaintiff could pay the filing fee and still "provide herself with the necessities of life." See Adkins 335 U.S. 331. Accordingly, it is recommended Plaintiff's July 7, 2009 Application to Proceed in forma pauperis be **DENIED**, and Plaintiff be ordered to pay the full filing fee.

Plaintiff may file with the Clerk of Court, within ten (10) days from the date of this Report and Recommendation, written objections identifying those portions of the recommendation to which objection is made, and the basis for such objections. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to transmit a copy of this Report and Recommendation to the plaintiff and counsel of record, as applicable.

DATED: July 14, 2009

                                                /s/ *James E. Seibert*
                                                JAMES E. SEIBERT
                                                UNITED STATES MAGISTRATE JUDGE