IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PENNY K. YOHE,

    Plaintiff,

v.                                                              Civil Action No. 5:09CV75
                                                                                 (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The plaintiff, Penny K. Yohe, filed an application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In the application, the plaintiff alleges disability since November 1, 2005 because of fibromyalgia, Meniere's disease, diabetes mellitus, and mood/panic disorders.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on November 8, 2007, before Administrative Law Judge ("ALJ") Javier A. Arrastia. The plaintiff, represented by counsel, testified on her own behalf, as did Vocational Expert ("VE") John M. Panza. On December 19, 2007, the ALJ issued a decision finding that the plaintiff did not have an impairment or combinations of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part

404, Subpart P, Appendix 1. The ALJ determined that the plaintiff was not "disabled" within the meaning of the Act and therefore not entitled to SSI or DIB. The ALJ found that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform. The Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The plaintiff filed a brief in support of her claim for relief, which the magistrate judge construed as a motion for summary judgment. This Court construes the plaintiff's brief in support of her claim for relief as a motion for summary judgment. The defendant then filed a motion for summary judgment. On December 14, 2009, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this case be stricken from the active docket of this Court. Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation

for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff filed timely objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

In her motion for summary judgment the plaintiff contends that the final decision of the Commissioner is not supported by substantial evidence. Specifically, the plaintiff argues that the ALJ erred because he (1) he included frequent balancing in the Residual Functional Capacity ("RFC"); (2) the plaintiff does not have the ability to perform the jobs provided by the VE; (3) the ALJ improperly evaluated the opinions of treating sources; (4) the ALJ ignored the plaintiff's worsening fibromyalgia and Meniere's disease conditions; (5) the ALJ improperly evaluated the plaintiff's credibility; (6) the ALJ failed to properly analyze the

plaintiff's impairments under the listings; and (7) the ALJ failed to indicate that he adequately considered witness testimony. The Commissioner contends that substantial evidence supports the defendant's decision that the plaintiff was not disabled.

Magistrate Judge Seibert issued a report and recommendation, in which he held that: (1) substantial evidence existed to include balancing in the RFC; (2) substantial evidence existed to support a finding that the plaintiff retains the ability to perform the job of order clerk; (3) the ALJ properly analyzed and gave appropriate weight to the opinions of the plaintiff's treating physicians; (4) substantial evidence supports the ALJ's finding that the plaintiff's condition improved over time; (5) the ALJ complied with all applicable law in evaluating the plaintiff's credibility; (6) the ALJ did not err in his analysis of the listings; and (7) the ALJ did not err in considering witness testimony. Accordingly, based upon these findings, the magistrate judge held that the plaintiff was not disabled under the Social Security Act.

The plaintiff thereafter filed objections to the magistrate judge's report and recommendation. In these objections, the plaintiff argues that the magistrate judge erred by: (1) failing to address at least two sever impairments, namely migraines and stroke); (2) failing to address adequately errors regarding postural elements of the RFC; (3) finding that the plaintiff had the ability to perform jobs suggested by the VE; (4) failing to analyze the treating source opinions correctly; (5) ignoring the

4

worsening of the plaintiff's diseases and their impairments; (6) permitting the ALJ to require objective evidence while he ignored other objective evidence; (7) analyzing the listings insufficiently; and (8) failing to indicate how he adequately considered the testimony of the plaintiff's companion.

An ALJ's findings will be upheld if supported by substantial evidence. Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)). The ALJ's decision must be upheld if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision that the plaintiff was not disabled on or before his last date insured is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

IV. <u>Conclusion</u>

Based upon a <u>de novo</u> review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   April 5, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE